JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.	ED CV 09-01588-SGL(FMOx)	Date:  January 13, 2010

Title:	DEUTSCHE BANK TRUST COMPANY, ET AL -v- LORENA BACON, ET AL
==============================================================
PRESENT:  HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

　　Cindy Sasse	None Present
　　Courtroom Deputy	Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:	ATTORNEYS PRESENT FOR DEFENDANTS:

None present	None present

**PROCEEDINGS:    ORDER REMANDING CASE**

　　The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court **REMANDS** this case to Riverside County Superior Court.

　　Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it.  <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006).

　　At the outset, the Court notes that the person purporting to remove the present action is not a party to the case.  <u>See</u> Notice of Removal at 1 (removing party is "Rodney Benjamin").  Only defendants may invoke the Court's removal jurisdiction.  <u>See</u> 28 U.S.C. § 1446(a).  Thus, remand is appropriate on that basis alone.

　　Additionally, although the Notice of Removal purports to invoke the Court's admiralty and maritime jurisdiction, no basis to invoke that jurisdiction exists.  The underlying action is a straightforward unlawful detainer action which is based wholly on state law and which does not in anyway involve operation of vessels on navigable waters.  <u>Foremost Ins. Co. v. Richardson</u>, 457 U.S. 668, 675 (1982) (explaining the scope of the federal courts' admiralty jurisdiction).  As such, the Court's admiralty jurisdiction may not be invoked.

ED CV 09-01588-SGL(FMOx)
DEUTSCHE BANK TRUST COMPANY, ET AL v LORENA BACON, ET AL
MINUTE ORDER of December 16, 2009

    In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte order summary remand of the action.  See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).  Accordingly, the Court **HEREBY REMANDS** the present action to Riverside County Superior Court.

    The Clerk shall close the case.

    **IT IS SO ORDERED.**